UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GEORGE DEMETRIUS KARALIS, | Case No. 3:24-cv-01143-JSC |
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANTS' MOTION TO DISMISS** |
| KELLY DOUGLAS CARN, et al., | Re: Dkt. No. 11 |
| Defendants. | |

George Demetrius Karalis, representing himself, alleges he paid Kelly Douglas Carn and Thelma Ellen Carn $99,180 to purchase guns from their licensed gun store in Las Vegas, Nevada. (Dkt. No. 1 at 3, 4.)[1] Despite this payment, Mr. Karalias asserts he never received any guns or a refund for the money he spent. (*Id.*) Mr. Karalias has already sued Defendants in the District Court of the District of Nevada, where the parties reached a settlement. (*See Karalias v. The Gun Vault, Inc.*, No. 2:12-cv-00694-APG-GWF (D. Nev., filed April 26, 2012).) Additionally, Mr. Karalis alleges a Nevada state court ordered Kelly Carn to pay $98,189 restitution to Mr. Karalis. (Dkt. No. 1 at 3.) However, Mr. Karalis maintains Kelly Carn still owes him the agreed upon settlement payment and the majority of the restitution amount. (*Id.* at 3-4.)

Now pending before the Court is Defendants' motion to (1) dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Defendants, and (2) dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted. (Dkt. No. 11.) Having considered the briefing, and with the benefit of oral argument on May 16, 2023, the Court

United States District Court
Northern District of California

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1  GRANTS Defendants' motion to dismiss for lack of personal jurisdiction.  All the alleged facts

2  occurred in Nevada, so Plaintiff has not sufficiently alleged personal jurisdiction in California.

3  Accordingly, the Court TRANSFERS the case to the United States District Court for the District

4  of Nevada.

5  **COMPLAINT ALLEGATIONS**

6  George Karalis lives in San Francisco, California.  (Dkt. No. 1 at 1.)  Thelma Ellen Carn

7  and Kelly Douglas Carn are married.  (*Id.* at 1-2.)  The Carns live in Nevada and have "resided [in

8  Nevada] at all times during the event complained of herein."  (*Id.*)

9  Mr. Karalis "met both defendants on or about 2005."  (*Id.* at 2.)  Defendants "were

10  operating a licensed gun store in Las Vegas."  (*Id.*)  "Over the subsequent five years, Plaintiff paid

11  in installments a total of $99,180.00 thru personal checks payable to defendants."  (*Id.* at 3.)

12  "Plaintiff's arrangement with defendants was that the gun shop would hold all of Plaintiff's

13  purchases in bailment, and that defendants would tender to Plaintiff upon Plaintiff's demand, all of

14  the guns Plaintiff purchased."  (*Id.* at 3.)  However, "Plaintiff has at no time . . . received any guns

15  or any of his money back," despite requesting the guns or a refund "on several occasions."  (*Id.*)

16  "Around 2011, defendant Kelly Carn Sr. was charged in both federal and state court with

17  gun violations."  (*Id.*)  "He was convicted of felonies in both tribunals."  (*Id.*)  In the state

18  proceeding, the Nevada state court ordered Mr. Carn to "pay restitution, and specified $98,189

19  restitution payable to Karalis."  (*Id.*)  Mr. Carn paid $10,000 "promptly" and then began

20  "forwarding restitution payments to the [Nevada] Parole & Probation Dept., which in turn

21  forwarded the payment to Karalis."  (*Id.*)  "But the Probation Office stopped collecting [] funds

22  when [Mr. Carn] completed the probationary term—leaving $76,464.81 . . . unpaid."  (*Id.* at 3-4.)

23  "In 2012, Plaintiff filed a civil action against Carn for breach of contract, deceptive trade

24  practices, intentional misrepresentation, unjust enrichment, disgorgement, constructive trust and

25  for an accounting."  (*Id.*)  Mr. Karalis and Mr. Carn agreed to a Settlement Agreement in which

26  Mr. Carn agreed to pay $20,000 to Mr. Karalis.  (*Id.* at 5.)  According to the terms of the

27  agreement, Mr. Karalis dismissed the case with prejudice.  (*Id.*)  However, "[t]o date, [Mr.] Carn

28  has not paid a cent on this $20,000 obligation."  (*Id.*)

Plaintiff brings four causes of action against Defendants and Does 1-20, (1) Breach of Contract; (2) Constructive Trust/Unjust Enrichment/Disgorgement; (3) Willful noncompliance with criminal court's restitution order; and (4) Accounting.

## DISCUSSION

### I.     REQUEST FOR JUDICIAL NOTICE

Plaintiff requests the Court take judicial notice of three cases: (1) *Karalias v. The Gun Vault, Inc.*, No. 2:12-cv-00694-APG-GWF (D. Nev., filed April 26, 2012); (2) *United States v. Carn*, No. 2:13-cr-000346-APG-EJY-1 (D. Nev, filed Sept. 4, 2013); and (3) *State of Nevada v. Carn*, No. C-11-278528-1 (Clark County, NV, filed Dec. 30, 2011) (disposition is also attached to the complaint as Dkt. No. 1-1).  The Court take judicial notice of these cases for their existence and disposition, but not the truth of the contents of any opinions.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

### II.    PERSONAL JURISDICTION

"Whereas subject matter jurisdiction refers to a court's power to hear a certain type of case, . . . personal jurisdiction refers to a court's power over a particular defendant."  *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 824 (9th Cir. 2024) (citations omitted).  "A federal court obtains personal jurisdiction over a defendant if it is able to serve process on him." *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).  "In order to effect valid service of process, the federal court must meet two requirements: (1) some statute must authorize the service of process; and (2) the exercise of personal jurisdiction must not contravene any constitutionally protected right of the defendant." *Id.*

When, as in this case, "no federal statute specifically defines the extent of personal jurisdiction," the Court "look[s] to the law of the state where the district court sits," which is California.  *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  The Supreme Court has held federal due process requires nonresident Defendants "have at least

United States District Court
Northern District of California

3

United States District Court
Northern District of California

'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Courts recognize two forms of personal jurisdiction as consistent with due process, specific jurisdiction and general jurisdiction. *Bristol-Myers Squibb Co. v. Super. Court of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017). "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum'"—which in this case, is California. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). So, the exercise of jurisdiction would be "'specific' to the case before the court." *Id.* "General jurisdiction, in contrast, permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection to the forum." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Plaintiff, as the party asserting personal jurisdiction, has the "burden to establish the district court's personal jurisdiction over the defendants." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). Because Defendants have not requested an evidentiary hearing, Mr. Karalis "need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." *Id.* at 1129. Therefore, "[u]nless directly contravened," Mr. Karalis's "version of the facts is taken as true." *Id.* Further, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

### A.    General Jurisdiction

"For general jurisdiction, the paradigm forum is an individual's domicile." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 255 (2017) (cleaned up). Plaintiff alleges both Defendants are "domiciled in Nevada." (Dkt. No. 1 at 2.) "For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, . . . that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (citations and quotations omitted). Plaintiff does not allege any

such continuous contacts in California, so Plaintiff has failed to allege general jurisdiction.

### B.      Specific Jurisdiction

To establish specific jurisdiction, Plaintiff must allege Defendants took "some act by which [they] purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Plaintiff "must show that the defendant[s] deliberately 'reached out beyond' [their] home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).  Moreover, "even then—because the defendant[s are] not 'at home'—the forum State may exercise jurisdiction in only certain cases.  The plaintiff's claims . . . 'must arise out of or relate to the defendant[s'] contacts' with the forum." *Id.* (quoting *Bristol-Myers*, 582 U.S. at 262).  Finally, this "analysis looks to the defendant[s'] contacts with the forum State itself, not the defendant[s'] contacts with persons who reside there." *Walden*, 571 U.S. at 285.

None of the conduct alleged by Plaintiff took place in California—indeed, Plaintiff's allegations concern purchases made in a Nevada gun store (Dkt. No. 1 at 2), and Nevada state and federal court orders.  (*Id.* at 3.)  Plaintiff therefore does not allege Defendants purposefully availed themselves of conducting any activities in California, exploited any California market, or ever engaged in any California activities at all.

Plaintiff asserts a "substantial part of the events" occurred in California because "the entire $98,180 was paid to defendant Kelly Carn St. by personal check, drawn on the First Republic Bank of California," so Defendants "had to rely on the banking system in California."  (Dkt. No. 16 at 11-12.)  However, this California activity results from *Plaintiff's* contact with California, not *Defendants'* contact with California, as would be required to find specific personal jurisdiction in California.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("[T]he sale of one automobile via the eBay website, without more, does not provide sufficient 'minimum contacts' to establish jurisdiction over a nonresident defendant in" California, the "forum state," even though the defendant knew the car would be delivered to California and the plaintiff purchased the car

United States District Court
Northern District of California

1  from California).  While Defendants may have accepted checks from California, they received the

2  money in Nevada.  (*Id.* at 12.)  Plaintiff also asserts he made numerous telephone calls from

3  California and Plaintiff hired a California-based attorney to draft the settlement agreement from

4  his earlier civil case with Defendants.  (*Id.* at 13.)  But again, these are not contacts Defendants

5  themselves made with California, and Plaintiff cannot attribute his own California contacts to

6  Defendants for personal jurisdiction purposes.

7       In his opposition, Plaintiff asserts "[a]s a general rule, once Defendants made their

8  appearance in this Court by filing a Motion . . . the matter of service became moot, since they are

9  then deemed served."  (Dkt. No. 16 at 10.)  Pursuant to Federal Rules of Civil Procedure 12(h)(1),

10  a party "waives any defense" to personal jurisdiction by "failing to . . . include it" in either a

11  motion to dismiss filed before their answer to the complaint or in their "responsive pleading."

12  Fed. R. Civ. Pro. 12(h)(1); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)

13  ("Defendants can waive the defect of lack of personal jurisdiction by appearing generally without

14  first challenging the defect in a preliminary motion.").  But, in this case, Defendants raised their

15  personal jurisdiction defense in a motion to dismiss filed before any responsive pleading was

16  required.  So, Defendants' special appearance did not waive their personal jurisdiction defense.

17       In sum, Plaintiff has failed to establish the Court has general jurisdiction over Defendants.

18  Further, Plaintiff does not plead facts showing Defendants had "minimum contacts" with

19  California related to this case, so Plaintiff has not established the exercise of personal jurisdiction

20  comports with due process.  Accordingly, the Court lacks personal jurisdiction over Plaintiff's

21  complaint against the Carns.  Because Plaintiff has not established the Court's personal

22  jurisdiction over the Defendants, the Court does not have jurisdiction to decide Defendants'

23  motion for dismissal on the grounds the complaint fails to state a claim upon which relief can be

24  granted, under Federal Rules of Civil Procedure 12(b)(6).

### TRANSFER OR DISMISSAL

26       Mr. Karalis asked the Court "to grant leave to Karalis to refile in the U.S. District Court in

27  Nevada."  (Dkt. No. 16 at 9.)  After a finding "that there is a want of jurisdiction," a federal

28  district court "shall, if it is in the interest of justice, transfer such action . . . to any other such court

. . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Generally, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)) (cleaned up); *see also Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) ("[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith").  As Mr. Karalis is representing himself, and the Court sees no evidence of bad faith, the Court finds transfer to be in the interest of justice.  At the hearing, both parties agreed the District of Nevada would be the appropriate forum for this case.  So, the Court TRANSFERS the action to the United States District Court for the District of Nevada, Las Vegas Division.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction and TRANSFERS the case to the United States District Court for the District of Nevada, Las Vegas Division.

This Order disposes of Dkt. No. 11.

**IT IS SO ORDERED.**

Dated: May 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

7